**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SOKANKELLY LIM,** individually and on behalf of those similarly situated,<br><br>Plaintiff,<br>**v.**<br><br>**TRADEZERO AMERICA, INC.,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 1:24-cv-01196-GBW** |

# [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (D.I. No. 18) and Motion for Final Approval of Class Action Settlement (D.I. No. 19). The Court has reviewed the Motion, the supporting submissions and authorities, and the Settlement Agreement ("Settlement Agreement" or "Agreement") (D.I. No. 11-1) entered into by Plaintiff and Defendant TradeZero America, Inc. ("Defendant" or "TradeZero"), and having conducted a Final Approval Hearing on July 28, 2026, and for the reasons set forth on the record and for good cause being shown, the Court makes the following findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS _____ day of ____________, 2026,**

**ORDERED** that:

1. The Court, for the purposes of this Final Judgment, adopts the defined terms as described in the Agreement for any term not otherwise defined herein.

2. The Court previously entered an Order Granting Preliminary Approval of Class Action Settlement, Form and Manner of Settlement Notice, Plan of Allocation, Preliminarily Certifying A Class for Settlement Purposes, and Scheduling Fairness Hearing ("Preliminary Approval Order") (D.I. No. 17) that preliminarily approved the Agreement and established a date for the Final Approval Hearing.

3. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> "all individuals residing in the United States whose PII was affected by the Incident."

Excluded from the Settlement Class are "(1) the Judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a request to opt-out prior to the Opt-Out Deadline." The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

4. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances,

constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that Notice has been mailed, published, and distributed pursuant to the Preliminary Approval Order has been filed with the Court. (D.I. Nos. 19-6, 25).

5. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement. Pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Claims Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

a. Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

b. Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

c. Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

d. Provided the time, date, and place of the Final Approval Hearing.

6. The Court finds that the Notice Program implemented by the Claims Administrator constituted the best practicable notice under the circumstances, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

7. The Court finds the Claims Administrator has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. (D.I. No. 25, ¶ 4. *See also* Exhibit "1").

8. The Court finds that the Agreement, which provides for a non-reversionary Settlement Fund of $325,000 to resolve the claims of the Plaintiff and the Settlement Class, is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Agreement.

9. As of the final date of time for opting out of the Settlement, one (1) Settlement Class Member has submitted a valid request to be excluded from the settlement. The name of that person is set forth in Exhibit A to this Order. That person is not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

10. The Court finds that the Class Representative is similarly situated to absent Settlement Class Members and is typical of the Class and is an adequate Class Representative, and that Class Counsel and the Class Representative have fairly and adequately represented the Class. The Court grants final approval to its appointment of Plaintiff Sokankelly Lim as Class Representative and as provided in the Preliminary Approval Order, appoints the following firms as Class Counsel: Marc Edelson, Edelson Lechtzin LLP and Scott M. Tucker, Chimicles Schwartz Kriner & Donaldson-Smith LLP.

11. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Agreement; having considered Plaintiff's and Settlement Class Members' likelihood of success both in maintaining this action as a class action and prevailing on the claims in a data-breach trial, including the possibility that TradeZero could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery—and that of the Class—

and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiff and Class Counsel have adequately represented the Class;

b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and TradeZero;

c. the outcome of the Action is in doubt;

d. it is possible that the Class could receive more if the Action were to go to trial, but it is also possible that the proposed Class could receive less—including the possibility of receiving nothing—and/or that TradeZero could defeat certification;

e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

g. the aggregate consideration for the Class—including the Settlement Fund, which TradeZero shall fund—is commensurate with the claims asserted and that will be released as part of the Settlement, and

h. the terms of the Agreement treat the Settlement Class Members equitably relative to one another and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution to this Action.

12. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Class is so numerous that joinder

of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or conflicting with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

13. The Court finds that the settlement satisfies the Rule 23(e)(2) requirements, along with the Third Circuit's factors to be considered when determining the fairness of a proposed settlement set forth in *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975), *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 324 (3d Cir. 1998) and *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013). Accordingly, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate and in the best interest of the Class and each of the Settlement Class Members.

14. Having considered Plaintiff's Motion for Attorney Fees (D.I. No. 18) under the factors governing attorneys' fee awards in common fund class actions, and having confirmed the reasonableness of the requested fee through a lodestar cross-check reflecting a negative multiplier, the Court finds that these attorneys' fees (one-third of the Gross Settlement Amount), and costs and expenses are reasonable. The Court also finds that the service award to the Class Representative is fair and reasonable. Plaintiffs Motion for Attorney Fees (including the costs and expenses and service award) (D.I. No. 18) is granted.

15. Pursuant to the Settlement Agreement and the Plaintiff's Application for Attorneys' Fees, Costs, and Service Awards (D.I. No. 18), the Settlement Fund shall first be used to pay settlement administration expenses of $26,986.00; Class Counsel attorneys' fees totaling $108,342.00; Class Counsel's costs and expenses up to $700.45; and a service award to the Class Representative in the amount of $5,000.00. The Settlement Fund shall next be used to pay Settlement Class Members' documented out-of-pocket losses up to $10,000, reimbursement for time expended to secure credit (up to 5 hours) and either (i) three years of Credit Monitoring Services ***or*** (ii) a *pro rata* Alternative Cash Payment of up to $300.00 of any remaining funds to each Settlement Class Member submitting a valid claim.

16. Plaintiff and Settlement Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Agreement, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Incident, the Action, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

17. The Court approves the Release provided in the Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

18. The Court reserves jurisdiction over this action and the Agreement.

19. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

20. The Court dismisses this action with prejudice against Defendant in this case, without costs and fees except as explicitly provided for in the Agreement.

**IT IS SO ORDERED.**

DATED: ____________________, 2026

______________________________
Gregory B. Williams, Judge, USDC